IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA THOMPSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KAZ USA, INC.,<br><br>    Defendant. | Case No. 3:12-cv-00099-JPG |

MEMORANDUM & ORDER

This matter comes before the Court on plaintiff Thompson's Motion to Voluntarily Dismiss (Doc. 7). The defendant Kaz USA, Inc., (hereinafter "Kaz"), has filed a Response in Opposition (Doc. 11). Thompson seeks to dismiss her pending action before this Court in order to join her insurance company's pending subrogation claim in St. Clair County, Illinois. Thompson further seeks the dismissal to be without prejudice and to grant leave to re-file within one year. Kaz opposes the dismissal and argues it is a "last-ditch effort to remand the case back to St. Clair County." (Doc. 11, para. 7). Thompson's insurance company is seeking to recoup money it paid out for property damage. Thompson on the other hand, is seeking compensation for bodily injury. Katz argues these actions are not related and Thompson will not be able to join the insurance company's case.

Rule 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment or in the absence of a stipulation of dismissal of an entire case from all the parties.  The Court may also impose such terms and conditions as it deems proper, and normally those terms and conditions include paying the defendants' expenses incurred in defending the suit, including attorney's fees. *Marlow v.*

1

*Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).  Ordinarily, however, the fee award should only reimburse the defendant for work that would not be useful in subsequent litigation of the same claim.  *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985).  If the terms and conditions are too onerous for the plaintiff, he may withdraw his motion and proceed with the case. *Marlow*, 19 F.3d at 304. The decision to grant a voluntary dismissal after an answer has been filed rests solely within the discretion of the trial court. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1992).

In the interest of preventing unnecessary delay and prejudice to the defendants (*Tyco Labs, Inc., v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir. 1980)), the Court **DENIES** Thompson's Motion to Dismiss (Doc. 7). The Court will, however, **STAY** the proceedings for ninety days to allow Thompson to attempt to join the pending litigation in St. Clair County, Illinois. If Thompson is able to join, she may file a new motion to dismiss with the Court which the Court will reconsider at that time. Otherwise, the Court will proceed with this matter in ninety days.

**IT IS SO ORDERED.**
**DATED:** May 24, 2012

                                                        s./ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**